**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HELEN J. RYAN,

       Plaintiff-Appellant,

v.

WILLIAM S. COHEN, Secretary
of Defense,

       Defendant-Appellee.

No. 98-6183
(D.C. No. 96-CV-1830)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **ANDERSON**, **KELLY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Helen J. Ryan, an employee of the Army and Air Force Exchange Service until July 31, 1995, appeals the district court's entry of summary judgment on her claims of racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. We affirm.

## BACKGROUND [1]

Ms. Ryan, who is African-American, was employed at the Tinker Air Force Base Exchange. Over the course of her employment, she submitted and settled several EEO (equal employment opportunity) charges. Most of these charges were resolved before Mr. Billy McKinnon, the manager who discharged Ms. Ryan, was appointed to his position.

In June 1995, the FBI and the Air Force Office of Special Investigations conducted an investigation into allegations of a fraudulent scheme in the exchange's customer service department. The scheme involved the misuse of refund vouchers, potentially resulting in substantial losses. Ms. Ryan, a sales associate at the jewelry counter, was not a target of the investigation.

---

[1] As related in this order and judgment, the background facts are gathered primarily from testimony taken during proceedings before the administrative judge assigned by the Equal Employment Opportunity to conduct a hearing on Ms. Ryan's administrative complaint of discrimination. See Appellant's App. at 47-255. The transcript of proceedings was submitted as an exhibit to defendant's motion for summary judgment and supporting brief.

Investigators interviewed her early in the investigation, however, for background information concerning jewelry department returns. She was told not to discuss the interview with certain other employees, including an individual who was the principal subject of the investigation.

The interview stage of the investigation was brought to a premature end on the evening of Ms. Ryan's interview, when the investigators and Mr. McKinnon received information that Ms. Ryan had compromised the investigation by discussing the matter with the principal target. To eliminate the possibility of the subject's altering or destroying the documents, investigators decided to seize customer service records the next day. Before they arrived at the exchange, the target had left, and never returned to work or consented to be interviewed about the investigation. The investigators issued a misdemeanor citation charging Ms. Ryan as an accessory after the fact.

There is a factual dispute as to whether Ms. Ryan actually did talk to the target about the investigation. Ms. Ryan denied doing so. Mr. McKinnon related that he overheard what he understood as her admission that she had been in contact with the target. He placed her on paid leave, citing the fact that she had received the misdemeanor citation.    See Appellant's App. at 38.

At Ms. Ryan's court appearance, the government moved to dismiss the charge with prejudice. Ms. Ryan notified Mr. McKinnon that the charge against

her had been dismissed and sought reinstatement. Mr. McKinnon declined to reinstate her and later discharged her, for the stated reason that she had disregarded the investigators' instructions and "discussed matters relating to the investigation with an individual involved in it." Id. at 39. In the interim between her suspension and discharge, Ms. Ryan consulted with an EEO counselor about issues unrelated to the investigation.

Ms. Ryan submitted a formal EEO complaint charging that, in placing her on leave and in terminating her employment, defendant discriminated against her because of her race and also subjected her to retaliation for her pursuit of other EEO claims. After exhausting her administrative remedies, she filed a complaint in federal district court. That court granted defendant's motion for summary judgment and this appeal followed.

## STANDARD OF REVIEW

We review a district court's decision to grant summary judgment de novo, using the same legal standard applicable in the district court. See McKnight v. Kimberly Clark Corp. , 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is proper only in cases where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

# DISCUSSION

Because Ms. Ryan lacks direct evidence on her claims of discrimination and retaliation, the three-pronged burden-shifting analysis set forth in McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973) applies to her case. See Anaeme v. Diagnostek, Inc., No. 97-2102, 1999 WL 3364, *2 (10th Cir. Jan. 6, 1999) (racial discrimination); Medlock v. Ortho Biotech, Inc., No. 97-3037, 1999 WL 2474, *2 (10th Cir. Jan. 5, 1999) (retaliation). Pursuant to this analysis, a plaintiff must initially establish a prima facie case of discrimination or retaliation by a preponderance of the evidence. The burden of production then shifts to the employer to offer a legitimate reason for the plaintiff's termination. If the employer offers such a reason, the plaintiff may survive summary judgment by showing that there is a genuine dispute of material fact as to whether the proffered reason for the challenged action is pretextual. See Richmond v. ONEOK, Inc., 120 F.3d 205, 208 (10th Cir. 1997).

In ruling on the summary judgment motion, the district court assumed that Ms. Ryan could establish a prima facie case of discrimination or retaliation. [2]

---

[2] A prima facie case of racial discrimination requires a showing "(1) that [the plaintiff] is a member of a racial minority, (2) that [she] suffered an adverse employment action, and (3) that similarly situated employees were treated differently." Trujillo v. University of Colo. Health Sciences Ctr., 157 F.3d 1211, 1215 (10th Cir. 1998). A prima facie case of retaliation is established with a showing of: "(1) protected opposition to discrimination or participation in a

(continued...)

It also determined that Mr. McKinnon's "understanding and belief that plaintiff had compromised a criminal investigation" was "a facially nondiscriminatory reason for [the] decision to discipline and terminate [her]." Appellant's App. at 13. The court concluded that Ms. Ryan had failed to present evidence tending to show that this reason was pretextual, and therefore entered summary judgment in favor of defendant.

On appeal, Ms. Ryan argues that the order of summary judgment should be set aside because the district court failed to recognize evidence of pretext. Specifically, she contends that the court made erroneous findings on disputed issues of fact relating to the continuation of leave after dismissal of the criminal charge and the subsequent discharge. After a review of the record, we disagree.

Mr. McKinnon was consistent in stating that he suspended Ms. Ryan, continued the suspension, and discharged her because he believed that she had jeopardized the investigation by discussing it with a targeted employee. The district court was not required to resolve whether or not Mr. McKinnon's belief was correct. "An articulated motivating reason is not converted into pretext merely because, with the benefit of hindsight, it turned out to be poor business

---

[2](...continued)
proceeding arising out of discrimination; (2) adverse action by the employer; and (3) a causal connection between the protected activity and the adverse action." Sauers v. Salt Lake County, 1 F.3d 1122, 1128 (10th Cir. 1993).

judgment. The test is good faith belief." McKnight , 149 F.3d at 1129 (citation omitted) (holding that if employer actually believed plaintiff committed claimed sexual assault, its proffered reason for termination was not pretextual, even if later shown to be erroneous).

Ms. Ryan has not shown the existence of any dispute or a genuine issue concerning Mr. McKinnon's actual beliefs. His sincerity is not undermined by her own contention that she did not talk to the target. Moreover, no inference of pretext arises from Mr. McKinnon's expressing the same thought in varying ways at different times. Finally, the record does not show a nexus between the adverse employment actions at issue and Ms. Ryan's other EEO claims. In sum, the totality of Ms. Ryan's proffered evidence is insufficient to raise a genuine doubt about defendant's motivation.

## CONCLUSION

For the reasons stated above, we conclude that the district court properly entered summary judgment in favor of defendant and AFFIRM.

Entered for the Court

Stephen H. Anderson
Circuit Judge